# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID H. KERNS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1380** (BOR Appeal No. 2047185)
(Claim No. 2011017036)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David H. Kerns, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McElroy Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2012, in which the Board affirmed an April 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 3, 2011, decision denying authorization for a cervical MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Kerns worked as a coal miner for McElroy Coal Company. On November 2, 2010, he injured his cervical spine when he hit his head on the canopy of a shuttle car. The claims administrator held the claim compensable for a cervical strain. Mr. Kern then came under the care of Joseph C. Maroon, M.D., who had previously treated Mr. Kern including performing a C6-7 anterior cervical discectomy and fusion in February of 2007. Dr. Maroon found that an MRI had been taken of Mr. Kerns's cervical spine after the compensable cervical sprain, which

1

revealed left lateral recess stenosis at C5-6 and postoperative changes from the fusion at C6-7. Dr. Maroon indicated that Mr. Kerns had been doing well following the injury until the early part of June of 2011 when he developed shooting pain in his neck and shoulder. Dr. Maroon requested a repeat cervical MRI to evaluate Mr. Kerns's additional symptoms. On August 3, 2011, the claims administrator denied authorization for a repeat cervical MRI. Notwithstanding the denial, an MRI was taken of Mr. Kerns's cervical spine which revealed broad-based osteophytes at C5-6 with moderate spinal stenosis and moderate facet hypertrophy. Dr. Maroon issued a second report, stating that the compensable injury had aggravated Mr. Kerns's pre-existing cervical problems. On April 19, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on October 26, 2012, leading Mr. Kerns to appeal.

The Office of Judges concluded that the repeat cervical MRI was not needed for the injury suffered in this claim. The Office of Judges found that Mr. Kerns suffered from degenerative conditions related more to his prior fusion surgery than the November 2, 2010, injury. The Office of Judges based this determination on the diagnostic results of the repeat MRI. It found that none of the conditions revealed by the repeat MRI were compensable conditions of the claim. The Office of Judges determined that the repeat MRI pointed to a pre-existing and degenerative cause of Mr. Kerns's symptoms, which precluded reimbursement for the scan. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The decision of the Board of Review was based on a material mischaracterization of the relevance of the repeat MRI results. At the time of the authorization request, the evidence in the record established a sufficient causal link between Mr. Kerns's compensable cervical sprain and the requested MRI. The record showed that a repeat MRI was needed to properly diagnose Mr. Kerns's symptoms and to evaluate him for further treatment. The fact that the MRI revealed a degenerative and non-compensable cause of Mr. Kerns's symptoms indicates, if anything, that the MRI was an appropriate diagnostic method at the time of the request. Mr. Kerns has sufficiently demonstrated that the requested MRI is medically related and reasonably required to treat his compensable injury. Dr. Maroon provided the only medical opinion in the record, and he supported authorizing the MRI. The record as a whole shows that the repeat MRI should be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to authorize the repeat cervical MRI requested by Dr. Maroon.

Reversed and Remanded.

**ISSUED: April 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin